UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY SAMUEL CATO, | CASE NO. 1:03-CV-5490-AWI-LJO-P |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTIONS FOR PRELIMINARY INJUNCTIVE RELIEF BE DENIED |
| v. | |
| DEPARTMENT OF CORRECTION TERHUNE, et al., | (Docs. 97 and 98) |
| Defendants. | |

Plaintiff Anthony Samuel Cato ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on plaintiff's fourth amended complaint, filed January 23, 2004, against (1) defendants Andrews, Grandy, Jackson, Weaver, Fehlman, Williams, Warren, Cheema, Rojas, Smith, Alcantar, Casillas, Loflin,[1] Hernandez, Romero, Licon, Espinoza, Molina, Cruz, Fisher, Oseguera, Do Canto,[2] and Chambell under the Eighth Amendment based on food tampering; (2) defendants Brown, Pitts, Hasadsri, Dang, Andrews, Jackson, and Suarez under the Eighth Amendment for acting with deliberate indifference to plaintiff's medical needs; (3) defendants Reynoso, Oseguera and Key under the Eighth Amendment for use of excessive force; and (4) defendants Pitts, Andrews, and Jackson under the Due Process Clause based on plaintiff's claim that he was drugged and tests were

---

[1] Identified as Lofflin in the complaint.

[2] Identified as Docanto in the complaint.

1

conducted on him while he was unconscious.³ On September 20, 2005, plaintiff filed a motion seeking preliminary injunctive relief. On September 22, 2005, plaintiff filed a second motion seeking essentially the same relief. Defendants Andrews, Cheema, Dang, Do Canto, Fehlman, Fisher, Grandy, Hasadsri, Key, Loflin, Oseguera, Pitts, Warren, and Weaver did not file a response to either motion.⁴

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor." Arcamuzi v. Continental Air Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987). Under either approach the plaintiff "must demonstrate a significant threat of irreparable injury." Id. Also, an injunction should not issue if the plaintiff "shows no chance of success on the merits." Id. At a bare minimum, the plaintiff "must demonstrate a fair chance of success of the merits, or questions serious enough to require litigation." Id.

Plaintiff seeks an order prohibiting staff from sabotaging food trays, discontinuing medical and mental health treatment, transferring plaintiff to Pelican Bay State Prison, reading sealed mail, and withholding mail. (Docs. 97, 98.) With respect to plaintiff's mail issues, classification issues, and transfer status, a federal court is a court of limited jurisdiction. Because of this limited jurisdiction, as a threshold and preliminary matter the court must have before it for consideration a "case" or "controversy." Flast v. Cohen, 392 U.S. 83, 88 (1968). If the court does not have a "case" or "controversy" before it, it has no power to hear the matter in question. Rivera v. Freeman, 469

---

³ On December 23, 2004, plaintiff's claim that he was deprived of his property without due process was dismissed for failure to state a claim upon which relief may be granted, and defendants Terhune, Scribner, Dill, Rousseau, Lawton, Trujillo, and Vallejo were dismissed from this action based on plaintiff's failure to state any claims upon which relief may be granted against them. (Doc. 39.)

⁴ Defendants Jackson, Williams, Rojas, Smith, Alcantar, Cassillas, Hernandez, Romero, Licon, Espinoza, Molina, Cruz, Chambell, Brown, Suarez, and Reynoso have not been served.

F. 2d 1159, 1162-63 (9th Cir. 1972). The issuance of the orders sought by plaintiff in his motion concerning mail, classification, and transfer would not remedy the claims alleged in this action. Accordingly, the court lacks jurisdiction to issue such orders.

With respect to plaintiff's medical and mental health care, and allegation of food tampering, plaintiff has not made a showing that he is under significant threat of irreparable injury, or that he has a fair chance of success on the merits. "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (quotations and citations omitted) (emphasis in original). Plaintiff's motions are unsupported by any evidence that he is in imminent danger due to the discontinuation of medical and mental health care, or food tampering. Plaintiff's conclusory allegations that he is in imminent danger, and that defendants should be prohibited from discontinuing his medical and mental health care and tampering with his food trays are insufficient to support his motions for the issuance of a preliminary injunction.

Based on the foregoing, the court HEREBY RECOMMENDS that plaintiff's motions for preliminary injunctive relief, filed September 20, 2005, and September 22, 2005, be DENIED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   March 27, 2006**             /s/ Lawrence J. O'Neill
b9ed48                           UNITED STATES MAGISTRATE JUDGE