# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY SAMUEL CATO,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DEPARTMENT OF CORRECTION TERHUNE, et al.,<br><br>　　　　　Defendants.<br>_____ / | CASE NO. 1:03-CV-5490-AWI-LJO-P<br><br>ORDER OPENING DISCOVERY FOR LIMITED PURPOSE OF ALLOWING PLAINTIFF TO SEEK INFORMATION ON UNSERVED DEFENDANTS' IDENTITIES (Docs. 106-118)<br><br>ORDER VACATING DISPOSITIVE MOTION DEADLINE PENDING RESOLUTION OF ISSUES CONCERNING UNSERVED DEFENDANTS, AND DENYING DEFENDANTS' MOTION FOR EXTENSION OF DEADLINE AS MOOT (Docs. 91, 119) |

Plaintiff Anthony Samuel Cato ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on plaintiff's fourth amended complaint, filed January 23, 2004, against (1) defendants Andrews, Grandy, Jackson, Weaver, Fehlman, Williams, Warren, Cheema, Rojas, Smith, Alcantar, Casillas, Loflin,[1] Hernandez, Romero, Licon, Espinoza, Molina, Cruz, Fisher, Oseguera, Do Canto,[2] and Chambell under the Eighth Amendment based on food tampering; (2) defendants Brown, Pitts, Hasadsri, Dang, Andrews, Jackson, and Suarez under the Eighth Amendment for acting with deliberate indifference to plaintiff's medical needs; (3) defendants Reynoso, Oseguera and Key under the Eighth Amendment for use of excessive force; and (4) defendants Pitts, Andrews, and Jackson

---

[1] Identified as Lofflin in the complaint.

[2] Identified as Docanto in the complaint.

1

under the Due Process Clause based on plaintiff's claim that he was drugged and tests were conducted on him while he was unconscious.[3] Defendants Andrews, Cheema, Dang, Do Canto, Fehlman, Fisher, Grandy, Hasadsri, Key, Loflin, Oseguera, Pitts, Warren, and Weaver waived service and made an appearance in this action. However, defendants Jackson, Williams, Rojas, Smith, Alcantar, Cassillas, Hernandez, Romero, Licon, Espinoza, Molina, Cruz, Chambell, Brown, Suarez, and Reynoso have not been served.

On June 28, 2005, the court issued a second order directing the United States Marshal to initiate service on these defendants. (Doc. 96.) The court has maintained contact with the Marshal's Office concerning status of service, and has recently been informed that the Marshal is in the process of attempting to serve defendant Brown at his address of record with the Medical Board and attempting to serve defendant V. Suarez via Mediscan Staffing Services, which employs Suarez. The Marshal was unable to identify the remaining unserved defendants and service was recently returned un-executed. (Docs. 106-118.) The Marshal's Office was given extensive assistance by the Office of Legal Affairs, California Department of Corrections and Rehabilitation, and the court is satisfied that CDCR and the Marshal have done all they can at this juncture, with the exception of the ongoing attempt to serve Dr. Brown and V. Suarez.

The discovery phase of this litigation is closed as to defendants Andrews, Cheema, Dang, Do Canto, Fehlman, Fisher, Grandy, Hasadsri, Key, Loflin, Oseguera, Pitts, Warren, and Weaver. However, discovery shall be opened as to defendants Jackson, Williams, Rojas, Smith, Alcantar, Cassillas, Hernandez, Romero, Licon, Espinoza, Molina, Cruz, Chambell, and Reynoso for the limited purpose of providing plaintiff with an opportunity to obtain information identifying these defendants. Plaintiff has ninety days to obtain additional information concerning the identifies of these defendants. If plaintiff does not provide the court with new information within ninety days from the date of service of this order, defendants Jackson, Williams, Rojas, Smith, Alcantar,

///

---

[3] On December 23, 2004, plaintiff's claim that he was deprived of his property without due process was dismissed for failure to state a claim upon which relief may be granted, and defendants Terhune, Scribner, Dill, Rousseau, Lawton, Trujillo, and Vallejo were dismissed from this action based on plaintiff's failure to state any claims upon which relief may be granted against them. (Doc. 39.)

Cassillas, Hernandez, Romero, Licon, Espinoza, Molina, Cruz, Chambell, and Reynoso shall be dismissed from this action, without prejudice, pursuant to Federal Rule of Civil Procedure 4(m).

Due to the existence of ongoing issues concerning unserved defendants, this action is proceeding at different paces for different defendants. It serves no purpose to require the defendants who have already made an appearance to file a dispositive motion when there is a possibility that other defendants may be appearing in the action, defended by the same counsel, and thereafter availing themselves of the opportunity to file a dispositive motion. Assuming for the sake of argument that some or all of plaintiff's claims survived a summary judgment motion, in no event would this matter be set for trial until either the unserved defendants make an appearance and a scheduling order is issued or the unserved defendants are dismissed from this action. Requiring the defendants currently in the action to file a dispositive motion at this juncture when there may be other defendants joining them in defending this action would serve to unnecessarily tax the resources of this court and the state. In addition, opposing multiple dispositive motions may serve to unnecessarily tax plaintiff's resources. The court deems it in the interest of justice to vacate the current dispositive motion deadline until the issue of the unserved defendants is resolved. Defendants are of course not precluded from filing a pre-trial dispositive motion if they choose to do so, but they shall not be required to do so by a certain deadline, at this time.

Based on the foregoing, it is HEREBY ORDERED that:

1. Discovery is opened as to defendants Jackson, Williams, Rojas, Smith, Alcantar, Cassillas, Hernandez, Romero, Licon, Espinoza, Molina, Cruz, Chambell, and Reynoso for the limited purpose of providing plaintiff with an opportunity to obtain further identifying information for these defendants;

2. Within **ninety (90) days** from the date of service of this order, plaintiff shall provide further information on the locations of defendants Jackson, Williams, Rojas, Smith, Alcantar, Cassillas, Hernandez, Romero, Licon, Espinoza, Molina, Cruz, Chambell, and Reynoso;

3. If plaintiff fails to provide the court with new information on defendants Jackson, Williams, Rojas, Smith, Alcantar, Cassillas, Hernandez, Romero, Licon, Espinoza,

|   |   |   |
|---|---|---|
| 1 |   | Molina, Cruz, Chambell, and Reynoso within ninety days, defendants Jackson, Williams, Rojas, Smith, Alcantar, Cassillas, Hernandez, Romero, Licon, Espinoza, Molina, Cruz, Chambell, and Reynoso shall be dismissed from this action, without prejudice, pursuant to Federal Rule of Civil Procedure 4(m); |
| 4. | The pre-trial dispositive motion deadline is VACATED and will be re-set once the issue of the unserved defendants is resolved; and |
| 5. | Defendants' motion for an extension of the pre-trial dispositive motion deadline, filed April 24, 2006, is DENIED as moot in light of this order. |

IT IS SO ORDERED.

**Dated:   April 26, 2006**            /s/ Lawrence J. O'Neill
b9ed48                         UNITED STATES MAGISTRATE JUDGE