# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY SAMUEL CATO,<br><br>         Plaintiff,<br><br>    v.<br><br>DEPARTMENT OF CORRECTION TERHUNE, et al.,<br><br>         Defendants.<br>_____/ | CASE NO. 1:03-CV-05490-AWI-LJO-P<br><br>ORDER PROVIDING DEFENDANT BROWN WITH THE OPPORTUNITY TO SHOW GOOD CAUSE FOR FAILING TO WAIVE SERVICE<br><br>(Doc. 128) |

On June 28, 2005, the court ordered the United States Marshal to serve process upon defendants in this case. The Marshal was directed to attempt to secure a waiver of service before attempting personal service on defendants. If a waiver of service was not returned by a defendant within sixty days, the Marshal was directed to effect personal service on the defendant in accordance with the provisions of Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c), without prepayment of costs, and to file the return of service with evidence of any attempt to secure a waiver of service and with evidence of all costs subsequently incurred in effecting personal service.

On July 24, 2006, the United States Marshal filed a return of service with a USM-285 form showing charges of $199.97 for effecting personal service on defendant Brown. The form shows that a waiver of service form was mailed to defendant Brown on March 24, 2006, and that no response was received. Defendant Brown did not make an appearance in the case before personal service was executed.

///

1   Rule 4 of the Federal Rules of Civil Procedure provides, in pertinent part, as
2   follows:

> An individual, corporation, or association that is subject to service under subdivision (e), (f), or (h) and that receives notice of an action in the manner provided in this paragraph has a duty to avoid unnecessary costs of serving the summons . . . .
>
> If a defendant located within the United States fails to comply with a request for waiver made by a plaintiff located within the United States, the court shall impose the costs subsequently incurred in effecting service on the defendant unless good cause for the failure be shown.

Fed. R. Civ. P. 4(d)(2).

It appears that defendant Brown was given the opportunity required by Rule 4(d)(2) to waive service, but failed to comply with the request. The court shall provide defendant with the opportunity to show good cause for failing to waive service. If defendant either fails to respond to this order or responds but fails to show good cause, the costs incurred in effecting service shall be imposed on defendant.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant Brown may, within **thirty (30) days** from the date of this order, show good cause for failing to waive service; and

2. If defendant either fails to respond to this order or responds but fails to show good cause, the court shall impose upon defendant Brown the costs incurred in effecting service.

IT IS SO ORDERED.

**Dated:   August 16, 2006**           /s/ Lawrence J. O'Neill
b9ed48                                 UNITED STATES MAGISTRATE JUDGE