# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY SAMUEL CATO,<br><br>            Plaintiff,<br><br>     v.<br><br>DEPARTMENT OF CORRECTION TERHUNE, et al.,<br><br>            Defendants.<br>_____/ | CASE NO. 1:03-CV-05490-AWI-LJO-P<br><br>ORDER REQUIRING PLAINTIFF TO SHOW CAUSE WHY DEFENDANT JACKSON SHOULD NOT BE DISMISSED FROM ACTION<br><br>(Doc. 129) |

Plaintiff Anthony Samuel Cato ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in a civil rights action pursuant to 42 U.S.C. § 1983. On June 28, 2005, the court issued an order which, in relevant part, directed the United States Marshal to initiate service of process on defendant Sergeant Jackson. (Doc. 96.) The Marshal was unable to locate and serve defendant Jackson at California State Prison-Corcoran, the address provided by plaintiff. In accordance with the court's order, the Marshal contacted the Office of Legal Affairs, California Department of Corrections and Rehabilitation, which provided defendant Jackson's last known residential address. On July 24, 2006, the Marshal returned the service packet un-executed. (Doc. 129.) The waiver, mailed to defendant Jackson at his last known address on March 23, 2006, was not returned, and personal service, attempted on June 20, 2006, was unsuccessful because defendant Jackson no longer resides at his last known address. (Id.)

///

///

Pursuant to Rule 4(m),

> [i]f service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

In cases involving a plaintiff proceeding in forma pauperis, a United States Marshal, upon order of the court, shall serve the summons and the complaint. Fed. R. Civ. P. 4(c)(2). "'[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint and ... should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties.'" Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (quoting Puett v. Blandford, 912 F.2d 270, 275 (9th Cir. 1990)), *abrogated on other grounds by* Sandin v. Connor, 515 U.S. 472 (1995). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is 'automatically good cause . . . .'" Walker, 14 F.3d at 1422 (quoting Sellers v. United States, 902 F.2d 598, 603 (7th Cir.1990)). However, where a pro se plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the court's sua sponte dismissal of the unserved defendants is appropriate. Walker, 14 F.3d at 1421-22.

In this instance, the address provided by plaintiff for defendant Jackson is no longer accurate and the last known address provided by the Office of Legal Affairs for defendant Jackson is no longer accurate. If plaintiff is unable to provide the Marshal with current address at which defendant Jackson can be located, this defendant shall be dismissed from the action, without prejudice. Pursuant to Rule 4(m), the court will provide plaintiff with the opportunity to show cause why defendant Jackson should not be dismissed from the action at this time.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Within **thirty (30) days** from the date of service of this order, plaintiff shall show cause why defendant Jackson should not be dismissed from this action; and

2

1      2.    The failure to respond to this order or the failure to show good cause will result in a recommendation that defendant Jackson be dismissed from this action.

IT IS SO ORDERED.

**Dated:**   **August 16, 2006**             **/s/ Lawrence J. O'Neill**
b9ed48                               UNITED STATES MAGISTRATE JUDGE