# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY SAMUEL CATO, | CASE NO. 1:03-CV-05490-AWI-LJO-P |
| Plaintiff, | ORDER REQUIRING DEFENDANT BROWN TO PAY TO THE UNITED STATES MARSHAL THE COSTS INCURRED IN EFFECTING SERVICE, WITHIN TWENTY DAYS |
| v. | |
| DEPARTMENT OF CORRECTION TERHUNE, et al., | |
| Defendants. | (Doc. 147) |

On June 28, 2005, the Court ordered the United States Marshal to serve process upon defendants in this case. The Marshal was directed to attempt to secure a waiver of service before attempting personal service on defendants. If a waiver of service was not returned by a defendant within sixty days, the Marshal was directed to effect personal service on the defendant in accordance with the provisions of Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c), without prepayment of costs, and to file the return of service with evidence of any attempt to secure a waiver of service and with evidence of all costs subsequently incurred in effecting personal service.

On July 24, 2006, the United States Marshal filed a return of service with a USM-285 form showing charges of $199.97 for effecting personal service on defendant Brown. The form shows that a waiver of service form was mailed to defendant Brown on March 24, 2006, and that no response was received. Defendant Brown did not make an appearance in the case before personal service was executed.

///

Rule 4 of the Federal Rules of Civil Procedure provides, in pertinent part, as follows:

> An individual, corporation, or association that is subject to service under subdivision (e), (f), or (h) and that receives notice of an action in the manner provided in this paragraph has a duty to avoid unnecessary costs of serving the summons . . . .
>
> If a defendant located within the United States fails to comply with a request for waiver made by a plaintiff located within the United States, the court shall impose the costs subsequently incurred in effecting service on the defendant unless good cause for the failure be shown.

Fed. R. Civ. P. 4(d)(2).

On August 17, 2006, defendant Brown was given the opportunity to show good cause for failing to waive service as required by Rule 4(d)(2). (Doc. 147.) Defendant was warned that if he either failed to respond to the order or responded but failed to show good cause, the Court would impose upon him the costs incurred in effecting service. (Id.) On September 11, 2006, defendant filed a response to the order to show cause. (Doc. 152.)

Defendant, who is now retired, contends that he "received the waiver at his home and thought he sent it to the litigation coordinator with a request for representation," as is his practice. (Doc. 152, Response, 1:26-27; Brown Dec., ¶2.) However, upon "receiving the court's order to show cause, [Brown] found the waiver" in his records. (Brown Dec., ¶2.) Defendant argues that he "did not intentionally fail to waive service" and requests that costs not be imposed. (Response, 2:3-4.)

A finding of "sufficient cause" for failing to waive service "should be rare." Fed. R. Civ. P. 4(d)(2) Advisory Committee Note, 1993 Amendment; see also Estate of Darulis v. Garate, 401 F.3d 1060, 1063-64 (9th Cir. 2005) (noting imposition of "a *duty* to avoid unnecessary costs of service," and Advisory Committee's note that "sufficient cause should be rare") (emphasis in original). Accepting as true that defendant intended to return the waiver and thought he had done so, defendant did not do so and as a result, the Marshal was required to travel to Corcoran to personally serve him. Forgetfulness is not sufficient cause to excuse the failure to waive service, and good cause not having been shown, the costs incurred by the Marshal in effecting service shall be imposed on defendant.

///

Accordingly, IT IS HEREBY ORDERED that:

1. Within **twenty (20) days** from the date of this order, defendant Brown shall pay to the United States Marshal the sum of $199.97;
2. The Clerk of the Court is directed to serve a copy of this order on the U.S. Marshal, Sacramento, California; and
3. The Clerk of the Court is directed to serve a copy of this order on defendant Brown.

IT IS SO ORDERED.

**Dated:**   **October 21, 2006**                      /s/ Lawrence J. O'Neill
b9ed48                                   UNITED STATES MAGISTRATE JUDGE