# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY SAMUEL CATO,<br><br>    Plaintiff,<br><br>    v.<br><br>DEPARTMENT OF CORRECTION TERHUNE, et al.,<br><br>    Defendants.<br>_____/ | CASE NO. 1:03-CV-05490-AWI-LJO-P<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANTS WILLIAMS, SMITH, ALCANTAR, MOLINA, CRUZ, CHAMBELL, AND REYNOSO BE DISMISSED FROM ACTION<br><br>(Doc. 120) |

Plaintiff Anthony Samuel Cato ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in a civil rights action pursuant to 42 U.S.C. § 1983. By order filed April 27, 2006, the court (1) opened discovery as to defendants Jackson, Williams, Rojas, Smith, Alcantar, Cassillas, Hernandez, Romero, Licon, Espinoza, Molina, Cruz, Chambell, and Reynoso for the limited purpose of providing plaintiff with an opportunity to obtain further identifying information for these defendants, (2) ordered plaintiff to provide further information on the locations of defendants within ninety days, and (3) warned plaintiff that if he failed to provide the court with new information on defendants, they would be dismissed from this action, without prejudice, pursuant to Federal Rule of Civil Procedure 4(m). (Doc. 120.) On July 31, 2006, plaintiff filed a motion seeking an extension of time to conduct discovery to ascertain information on the unserved defendants. (Doc. 131.) On August 25, 2006, the court granted plaintiff's motion and set a new deadline for October 2, 2006. (Doc. 151.)

///

As set forth in the August 25 order, since the issuance of the court's April 27 order, defendants Brown, Casillas, Espinoza, Hernandez, Licon, Rojas, and Romero waived service or were personally served and made an appearance in this action, and defendant Jackson was subject to an order to show cause. (Docs. 142, 150.) Therefore, of the fourteen defendants plaintiff was directed to provide further information on, information was needed only for defendants Williams, Smith, Alcantar, Molina, Cruz, Chambell, and Reynoso. (Doc. 150.) On October 4, 2006, plaintiff filed a second motion seeking an extension of time to comply with the court's order of April 27. In a separate order issued concurrently with this Findings and Recommendations, plaintiff's motion was denied on the ground that plaintiff did not show good cause for the requested extension. Fed. R. Civ. P. 16(b); Zivkovic v. Southern California Edison Co., 302 F.3d 1080, 1087-88 (9th Cir. 2002).

Pursuant to Rule 4(m),

> [i]f service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

In cases involving a plaintiff proceeding in forma pauperis, a United States Marshal, upon order of the court, shall serve the summons and the complaint. Fed. R. Civ. P. 4(c)(2). "'[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint and ... should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties.'" Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (quoting Puett v. Blandford, 912 F.2d 270, 275 (9th Cir. 1990)), *abrogated on other grounds by* Sandin v. Connor, 515 U.S. 472 (1995). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is 'automatically good cause . . . .'" Walker, 14 F.3d at 1422 (quoting Sellers v. United States, 902 F.2d 598, 603 (7th Cir.1990)). However, where a pro se plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the

///

1  summons and complaint, the court's sua sponte dismissal of the unserved defendants is appropriate.
2  Walker, 14 F.3d at 1421-22.

3  In this instance, the information provided by plaintiff for defendants Williams, Smith, Alcantar, Molina, Cruz, Chambell, and Reynoso was insufficient to allow the Marshal to identify and serve them. The Marshal was provided with assistance from the Office of Legal Affairs for the California Department of Corrections and Rehabilitation, but it is not possible from the information provided by plaintiff to determine which staff members are the defendants in question.

In its order of April 27, the court opened discovery to allow plaintiff an opportunity to obtain further identifying information on the unserved defendants. This action has been pending for more than three and a half years, and plaintiff has had more than six months within which to conduct discovery on this issue. Plaintiff has not provided the court with further identifying information on defendants Williams, Smith, Alcantar, Molina, Cruz, Chambell, and Reynoso, and plaintiff was warned in the order of April 27 that if he failed to do so, the court would recommend dismissal of defendants.

Accordingly, based on the foregoing, it is HEREBY RECOMMENDED that pursuant to Federal Rule of Civil Procedure 4(m), defendants Williams, Smith, Alcantar, Molina, Cruz, Chambell, and Reynoso be dismissed from this action, without prejudice.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   November 15, 2006**              /s/ Lawrence J. O'Neill
b9ed48                                      UNITED STATES MAGISTRATE JUDGE