# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY SAMUEL CATO,<br><br>Plaintiff,<br><br>v.<br><br>DEPARTMENT OF CORRECTION TERHUNE, et al.,<br><br>Defendants.<br>_____/ | CASE NO. 1:03-CV-05490-AWI-LJO-P<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF DEFENDANT JACKSON FROM ACTION<br><br>(Docs. 129 and 150) |

Plaintiff Anthony Samuel Cato ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in a civil rights action pursuant to 42 U.S.C. § 1983. On June 28, 2005, the court issued an order which, in relevant part, directed the United States Marshal to initiate service of process on defendant Sergeant Jackson. (Doc. 96.) The Marshal was unable to locate and serve defendant Jackson at California State Prison-Corcoran, the address provided by plaintiff. In accordance with the court's order, the Marshal contacted the Office of Legal Affairs, California Department of Corrections and Rehabilitation, which provided defendant Jackson's last known residential address. On July 24, 2006, the Marshal returned the service packet un-executed. (Doc. 129.) The waiver, mailed to defendant Jackson at his last known address on March 23, 2006, was not returned and personal service, attempted on June 20, 2006, was unsuccessful because defendant Jackson no longer resides at his last known address. (Id.) On August 17, 2006, the court ordered plaintiff to show cause why defendant Jackson should not be dismissed. (Doc. 150.) Plaintiff did not file a response to the order.

Pursuant to Rule 4(m),

> [i]f service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

In cases involving a plaintiff proceeding in forma pauperis, a United States Marshal, upon order of the court, shall serve the summons and the complaint. Fed. R. Civ. P. 4(c)(2). "'[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint and ... should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties.'" Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (quoting Puett v. Blandford, 912 F.2d 270, 275 (9th Cir. 1990)), *abrogated on other grounds by* Sandin v. Connor, 515 U.S. 472 (1995). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is 'automatically good cause . . . .'" Walker, 14 F.3d at 1422 (quoting Sellers v. United States, 902 F.2d 598, 603 (7th Cir.1990)). However, where a pro se plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the court's sua sponte dismissal of the unserved defendants is appropriate. Walker, 14 F.3d at 1421-22.

In this instance, the address provided by plaintiff for defendant Jackson is no longer accurate and the last known address provided by the Office of Legal Affairs for defendant Jackson is no longer accurate. Plaintiff was provided with the opportunity to show good cause why defendant Jackson should not be dismissed, but he failed to do so.[1]

---

[1] On October 4, 2006, plaintiff filed a motion seeking a second extension of time to comply with the court's order of April 27, 2006, which opened discovery for the limited purpose of allowing plaintiff to obtain identifying information on the un-served defendants in this case, including Jackson, and required plaintiff to provide further information to the court within ninety days. (Docs. 120, 153.) The October 4 motion for an extension of time is not responsive to the court's order to show cause and is not deemed to be a response. The court's order of August 25, 2006, which granted plaintiff's first extension of time, placed plaintiff on notice that the extension did not apply to Jackson and that Jackson was subject to a separate order to show cause. (Doc. 151.) In any event, the motion does not demonstrate good cause for any extension of time and, in a separate order issued concurrently with this order, was denied.

Accordingly, based on the foregoing, it is HEREBY RECOMMENDED that pursuant to Federal Rule of Civil Procedure 4(m), defendant Jackson be dismissed from this action, without prejudice.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   November 15, 2006**          /s/ Lawrence J. O'Neill
b9ed48                                   UNITED STATES MAGISTRATE JUDGE